UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William Henderson,                                              Case No. 15-cv-292

          Petitioner

   v.                                                          MEMORANDUM OPINION

Jason Bunting,

          Respondent

## I.    Introduction

Before me are: (1) Petitioner William Henderson's motion to stay this action and hold it in abeyance while he exhausts state remedies (Doc. No. 16); (2) Magistrate Judge Kathleen B. Burke's Report and Recommendation to Henderson's § 2254 petition and his outstanding motion (Doc. No. 19); (3) Petitioner's objections to the R & R (Doc. No. 22); (4) Respondent Jason Bunting's response to Petitioner's objections (Doc. No. 23); and (5) Petitioner's reply thereto. (Doc. No 24).

## II.    Background

On April 17, 2002, Petitioner William Henderson was charged with two counts of aggravated murder, along with one count each of aggravated arson, aggravated robbery, aggravated burglary, and violating a protection order or consent agreement. (Doc. No. 13-1 at 4-5). After unsuccessfully challenging the constitutionality of the death penalty, Henderson "waive[d] his right to a trial by jury and consent[ed] to have his case heard and decided by a three-judge panel with the understanding that the State agree[d] it [would] not seek the death penalty." *Id.* at 65-73. Henderson then pled guilty to all but one count of aggravated murder and, pursuant to the plea agreement, was sentenced to life without possibility of parole by the three-judge panel on November 27, 2002. *Id.* at 74-77. Henderson did not appeal.

On June 17, 2013, Henderson moved to vacate and set aside the sentence citing three grounds of error, two of which he now cites as grounds for habeas relief. *Id.* at 78-86. The trial court granted the motion on the basis that the original sentencing court failed to advise him of post-release control. *Id.* at 91. On August 22, 2013, Henderson was re-sentenced by a three-judge panel to life without parole on the same charges, but was advised of post-release control. *Id.* at 87-90. But, on appeal, the Ohio Court of Appeals vacated the 2013 sentence and held that the 2002 sentence remained in effect because it was improper for the trial court to hold a resentencing hearing to correct post-release control error after Henderson "had already served the ten-year sentences of the first-degree felony offenses that would have warranted the imposition of post-release control." *Id.* at 152-53. The Supreme Court of Ohio declined jurisdiction. *Id.* at 169.

Henderson filed this § 2254 habeas petition on February 13, 2015. (Doc. No. 1). In the petition he asserted four grounds for relief:

> 1.) Trial court erred in not convening a three-judge panel and making separate findings pursuant to Ohio Revised Code 2929.03(F) and Criminal Rule 11(C)(3) denying appellant his right to due process and his right to equal protection of the law
> 2.) Trial court erred by limiting resentence to just the proper imposition of post-release control rather than conducting a new sentencing hearing denying appellant his right to due process and his right to equal protection of the law
> 3.) Trial court erred in sentencing to a non-minimum sentence for a first time offender denying appellant his right to due process and his right to equal protection of the law
> 4.) Trial court erred in failing to determine the number of days of confinement owed before sentence was imposed denying appellant his right to due process and his right to equal protection of law

*Id.* Each ground for relief cites only violations of Ohio state law. In the return of writ, Respondent argues, among other things, that Henderson has failed to exhaust his state court remedies. (Doc. No. 13). In response, Henderson moved to stay the action and hold it in abeyance until he may exhaust his state court remedies. (Doc. No. 16).

Magistrate Judge Burke recommends the petition be dismissed as time-barred, finding it was filed after the one-year statute of limitations expired. (Doc. No. 19 at 13-20). Additionally, she states that the petition should be dismissed as Henderson's grounds for relief are not cognizable for

2

federal habeas review. *Id.* at 20-21. Finally, she recommends the motion to stay and hold in abeyance should be denied. *Id.* at 22-23.

At the outset, I find Magistrate Judge Burke has accurately and comprehensively set forth the factual and procedural background and adopt those sections of the R & R in full. *Id.* at 1-7.

### III. STANDARD

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147). A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

### IV. DISCUSSION

Magistrate Judge Burke recommends I dismiss Henderson's § 2254 habeas petition because: (1) it was filed after the statute of limitations had expired; and (2) the four grounds for relief raised in the petition are not cognizable for federal habeas review. (Doc. No. 19). While Henderson objects that the petition was filed within the statute of limitations, he does not address the issue of whether the claims are cognizable. (Doc. No. 22).

3

"[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Instead, under the Anti-Terrorism and Effective Death Penalty Act, "a district court shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "[A] 'mere error of state law' is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982)); *see also Gryger v. Burke*, 334 U.S. 728, 731 (1948) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.").

Here, each of Henderson's four grounds for relief are based upon state court applications of state law. Henderson cites no violation of federal law in his petition other than brief, isolated references to "due process," "equal protection," and "Sixth Amendment right to trial by jury." (Doc. No. 1). As noted above, even if the Ohio courts failed to comply with Ohio statutory and common law as alleged by Henderson, those violations alone do not give rise to a due process violation. Since Henderson has failed to demonstrate there was a violation of the United States Constitution or clearly established federal law, his claims are not cognizable for federal habeas corpus review. Regardless of whether the petition was filed within the statute of limitations, it must be dismissed as Henderson has failed to allege a cognizable ground for relief. Finally, whether the grounds for relief were exhausted in state court is also immaterial since they are not cognizable for federal review, and the motion to stay and hold in abeyance is denied. (Doc. No. 16).

V. CONCLUSION

For the foregoing reasons, in concurrence with Magistrate Judge Burke's recommendation, I dismiss Henderson's § 2254 habeas petition and deny the motion to stay and hold the action in

abeyance. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge